**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **EMEND HEALTH CORPORATION** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff** | ) | **Civil Action No. 0:26-cv-00088-DLB-EBA** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SHELTON ROBINSON** | ) | |
| **PROPERTIES LLC,** | ) | |
| **et al.** | ) | ***ELECTRONICALLY FILED*** |
| | ) | |
| | ) | |
| **Defendants** | ) | |

**DEFENDANT, WALKER LAND COMPANY VI, LLC'S ANSWER**

Comes the Defendant, Walker Land Company VI, LLC (hereinafter "Walker"), by and through counsel, and for its Answer to the Complaint filed by Plaintiff, Emend Health Corporation (hereinafter "Emend"), hereby states as follows:

**FIRST DEFENSE**

1. Emend's Complaint and the claims alleged therein fail to state a cause of action against Walker for which relief can be granted and should therefore be dismissed with prejudice and held for naught.

**SECOND DEFENSE**

2. Emend's Complaint and the claims alleged therein are subject to, and may be barred by, all applicable statute of limitations.

**THIRD DEFENSE**

3. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraphs 1 and 2 of the Complaint and therefore denies same.

4. Walker admits the allegations contained in numerical paragraph 3 of Emend's Complaint.

5. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraphs 4, 5 and 6 of the Complaint and therefore denies same.

6. Walker admits the allegations contained in numerical paragraph 7 of Emend's Complaint to the extent it alleges Walker is Kentucky limited liability company, and that Arthur Walker is domiciled in Kentucky, but denies any and all other allegations contained in numerical paragraph 7 of Emend's Complaint.

7. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraphs 8 and 9 of the Complaint and therefore denies same.

8. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 10 of the Complaint and therefore denies same.

9. Walker admits so much of the allegations contained in numerical paragraph 11 of the Complaint to the extent it identifies a written document executed by Walker and Emend but is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

10. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraphs 12, 13, 14, 15, 16, 17 and 18 of the Complaint and therefore denies same.

11. Paragraph 19 of Emend's Complaint calls for a legal conclusion and interpretation of documents which speak for themselves and for which no responsive pleading is required. To the extent a response is so required, Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 19 of the Complaint and therefore denies same.

12. Walker states that the Bellefonte Amended Operating Agreement referenced in paragraph 20 of Emend's Complaint speaks for itself and Walker states the remaining allegations in paragraph 20 call for a legal conclusion to which no responsive pleading is required. Walker denies any and all other allegations contained in numerical paragraph 20.

13. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 21 of the Complaint and therefore denies same.

14. Paragraph 22 of Emend's Complaint calls for a legal conclusion for which no responsive pleading is required. To the extent a response is so required, Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 22 of the Complaint and therefore denies same.

15. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 23 of the Complaint and therefore denies same and affirmatively states Emend is not entitled to the relief requested.

16. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 24 of the Complaint and therefore denies same.

17. Walker admits the allegations contained in numerical paragraph 25 of the Complaint.

18. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 26 of the Complaint and therefore denies same.

19. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 27 of the Complaint and therefore denies same.

20. Walker admits the allegations contained in numerical paragraph 28 of the Complaint to the extent it alleges Arthur Walker III is familiar with Tim Robinson but denies any and all other allegations and inferences alleged in paragraph 28.

21. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 29 of the Complaint and therefore denies same.

22. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 30 and its subparts of the Complaint and therefore denies same.

23. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 31 of the Complaint and therefore denies same.

24. Paragraph 32 of Emend's Complaint calls for a legal conclusion for which no responsive pleading is required and Walker denies same to extent a response is so required.

25. Walker admits so much of the allegations contained in numerical paragraph 33 of the Complaint to the extent the documents referenced speak for themselves but is without knowledge or information sufficient to admit or deny any and all allegations and therefore denies same.

26. Walker admits so much of the allegations contained in numerical paragraph 34 of the Complaint to the extent the documents referenced speak for themselves but is without knowledge or information sufficient to admit or deny the any and all allegations and therefore denies same.

27. Walker admits so much of the allegations in paragraph 35 to the extent it recites actions taken but Walker denies any and all other allegations and inferences alleged by Emend in paragraph 35 of the Complaint.

28. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 36 of the Complaint and therefore denies same.

29. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 37 of the Complaint and therefore denies same.

30. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 38 of the Complaint and therefore denies same.

31. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 39 of the Complaint and therefore denies same.

32. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 40 of the Complaint and therefore denies same.

33. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 41 of the Complaint and therefore denies same.

34. Paragraph 42 of Emend's Complaint calls for a legal conclusion for which no responsive pleading is required. To the extent a response is so required, Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 42 of the Complaint and therefore denies same.

35. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 43 of the Complaint and therefore denies same.

36. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraph 44 of the Complaint and therefore denies same.

37. Walker admits so much of the allegations contained in numerical paragraph 45 of the Complaint to the extent it references and incorporates documents which speak for themselves but is without knowledge or information sufficient to admit or deny the remaining allegations and therefore denies same.

38. In response to numerical paragraph 46 of the Complaint, Walker incorporates by reference all responses and affirmative defenses contained in the forgoing paragraphs herein.

39. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraphs 47, 48, 49 and 50 of the Complaint and therefore denies same.

40. In response to numerical paragraph 51 of the Complaint, Walker incorporates by reference all responses and affirmative defenses contained in the forgoing paragraphs herein.

41. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraphs 52, 53, 54, and 55 of the Complaint and therefore denies same.

42. In response to numerical paragraph 56 of the Complaint, Walker incorporates by reference all responses and affirmative defenses contained in the forgoing paragraphs herein.

43. Walker is without knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in numerical paragraphs 57, 58, 59 and 60 of the Complaint and therefore denies same.

44. Walker denies the allegations in numerical paragraph 61 and the paragraphs a, b, and c contained in the prayer for relief.

45. Walker hereby denies any and all allegations unless expressly admitted herein.

## FOURTH DEFENSE

46. Emend's Complaint and the claims alleged therein are subject to the duty to mitigate adequately any of the alleged damages, and Walker is entitled to a setoff against Emend's damages, if any, in the amount in which they could have been avoided but for such failed efforts.

**FIFTH DEFENSE**

47. Walker hereby relies upon and affirmatively plead the following defenses, all as a complete or comparative bar to Emend's claims in this matter: failure of consideration; misrepresentation; accord and satisfaction, estoppel; contribution; indemnification; breach of contract; unclean hands; laches; payment; waiver; statute of frauds; failure of condition precedent; failure to join indispensable parties; and Ky. Rev. Stat. Chapter 275.

48. Walker respectfully reserves the right to assert additional affirmative defenses that are revealed through the course of this litigation.

**SIXTH DEFENSE**

49. The injuries and damages alleged by Emend in their Complaint, if any there were, which fact is specifically denied, were caused and brought about the negligence, conduct, and/or actions of some third party and/or parties, which actions were a substantial factor in bringing about the alleged injuries and damages of Emend, and but for said negligence, conduct and/or action of third party and/or parties, said injuries or damages, if any there were, could not and would not have occurred and therefore, Walker is without fault and rely upon same as a complete or comparative bar to all claims asserted by Emend in its Complaint. The Court should order that fault be apportioned between and amongst all responsible parties, including Emend, if the matter proceeds to trial.

50. The injuries and damages alleged by Emend in its Complaint, if any there were, which fact is specifically denied, were caused and brought about by either a prior or subsequent intervening cause for which Walker has no responsibility or control or otherwise or were substantially brought about by a cause or party not under the control of Walker, and, therefore, Walker is without fault and rely upon same as a complete bar to all claims asserted by Emend in the Complaint.

51. The injuries and damages alleged by Emend in their Complaint, if any there were, which fact is specifically denied, were caused and brought about by a pre-existing condition and/or conditions over which Walker had absolutely no responsibility or control, and therefore, Walker is without fault and rely upon same as a complete bar to all claims.

**SEVENTH DEFENSE**

52. Walker denies that they were in any way negligent or that they breached any duty owed to Emend.

**EIGHTH DEFENSE**

53. The recovery of punitive damages by Emend is barred to the extent that an award of such damages would violate Walker's rights under the United States Constitution and the Constitution of the Commonwealth of Kentucky.

**NINTH DEFENSE**

50. Each of the actions, inactions or omissions alleged by Emend are not due to any actions, inactions or omissions of Walker and, as such, Walker cannot be found liable for any actions, inactions and omissions.

WHEREFORE, Defendant, Walker Land Company VI, LLC requests relief as follows:

A. For entry of an Order dismissing, with prejudice, Emend's Complaint against Walker;

B. A judgment awarding Walker its costs incurred in the defense of this matter, including their reasonable attorney's fees;

C. For any and all other relief, both legal and equitable, to which Walker may appear herein entitled; and

D. For a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Scott A. Schuette*

Scott A. Schuette (KBA #98591)
Emily M. Henshaw (KBA #100512)
McBrayer PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
Office: (859) 231-8780
Fax: (859) 231-1175
sschuette@mcbrayerfirm.com
ehenshaw@mcbrayerfirm.com
*Counsel for Defendant, Walker Land Company VI, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2026, I electronically filed this Answer with the clerk of the Court, which will send electronic notice to all counsel of record.

*/s/ Scott A. Schuette*

Scott A. Schuette (KBA #98591)
*Counsel for Defendant, Walker Land Company VI, LLC*

4925-0489-6189, v. 1