**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**

**EMEND HEALTH CORPORATION** **Plaintiff,**

**vs.**

**SHELTON ROBINSON PROPERTIES LLC**
**and WALKER LAND COMPANY VI, LLC** **Defendants.**

# AMENDED MOTION FOR LEAVE TO FILE A LATE ANSWER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)(B) AND SET ASIDE DEFAULT JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 55(c) AND 60(b)

Defendant Shelton Robinson Properties, LLC ("Defendant"), by counsel, respectfully moves the Court to enter an order 1) granting leave for Defendant to file a late answer pursuant to Fed. R. Civ. P. 6(b)(1)(B) and 2) setting aside the default judgment pursuant to Fed. R. Civ. P. 55(c) and 60(b). In support of this Motion, Defendant states as follows:

1) Defendant filed a Motion for Leave to File a Late Answer on July 10, 2026. Defendant's Answer and a Motion were attached thereto.
2) Defendant files this Amended Motion for Leave to File a Late Answer and Motion to Set Aside Default Judgment Pursuant in order to move the Court to set aside the Clerk's Entry of Default against Defendant.
3) Fed. R. Civ. P. 6(b)(1)(B) states "when an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."
4) Fed. R. Civ. P. 55(c) states "[t]he court may set aside an entry of default for good cause".

5) Fed. R. Civ. P. 60(b) states: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . (6) any other reason that justifies relief."

6) Defendant is a wholly owned subsidiary of Addiction Recovery Care, LLC.

7) On June 5, 2026, the owner and Chief Executive Officer of Addiction Recovery Care, LLC resigned.

8) After the resignation of the Chief Executive Office, an interim management team was assembled for the purpose of restructuring and stabilizing Addiction Recovery Care, LLC and all subsidiaries, including Defendant.

9) The interim management team has been focused on tasks necessary to preserve critical mental, behavioral, and primary healthcare services and employment for hundreds of employees.

10) The Complaint in this action was filed on June 8, 2026 and entered into the public record on June 9, 2026, mere days after the resignation of the CEO and change of management of Defendant, Defendant's parent company, and all affiliates thereof.

11) The Complaint in this action was served on the registered agent for Defendant on June 10, 2026.

12) A response was due in this action on Thursday, July 2, 2026.

13) The Court was closed on July 3rd through 5th for the Independence Day holiday.

14) A Motion for Entry of Default was filed on Wednesday, July 8, 2026. A Clerk's Entry of Default was entered the same day.

15) Defendant filed a Motion for Leave to File a Late Answer, with the Answer attached, on Friday, July 10, 2026.

16) Defendant Walker Land Company VI, LLC filed their Answer on July 14, 2026.

17) Defendant, and Defendant's new management team, mistakenly believed that a motion for an extension of time to respond had been filed in this action.

18) Plaintiff has not been prejudiced by a delay of seven days, which included a holiday weekend, in the filing of an answer.

19) Defendant, conversely, would be egregiously prejudiced by the entry of a default judgment in this action.

Defendant respectfully requests that the Court enter an Order granting Defendant Shelton Robinson Properties LLC Amended Motion for Leave to File a Late Answer and Set Aside Default Judgment.

Respectfully submitted this 24th day of August, 2026.

Respectfully submitted,

/s/ Jessica A. Burke
Burke Law Group
KY Bar 94066
860 Geoghegan Road
Shelbyville KY 40065
(859) 533-3269
jessica@jblawoffices.net

Counsel for Defendant
Shelton Robinson Properties LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**

**EMEND HEALTH CORPORATION** **Plaintiff,**

**vs.**

**SHELTON ROBINSON PROPERTIES LLC**
**and WALKER LAND COMPANY VI, LLC** **Defendants.**

## DEFENDANT SHELTON ROBINSON PROPERTIES LLC ANSWER TO COMPLAINT

Defendant, Shelton Robinson Properties, LLC ("Defendant") files this Answer to Complaint and answers Plaintiff's Complaint as follows:

## I. PARTIES

1. Defendant is without sufficient knowledge or belief to answer paragraph 1.
2. Defendant admits paragraph 2.
3. Defendant is without sufficient knowledge or belief to answer paragraph 3.

## II. JURISDICTION AND VENUE

4. Defendant denies paragraph 4.
5. Defendant is without sufficient knowledge or belief to answer paragraph 5.
6. Defendant admits paragraph 6 insofar as Defendant Shelton Robinson Properties LLC is a limited liability company. The contents of filings with the Kentucky Secretary of State are neither admitted nor denied but speak for themselves. Assertions of law require no response; to the extent a response is required, Defendant denies all assertions of law.
7. The contents of filings with the Kentucky Secretary of State set forth in paragraph 7 are neither admitted nor denied but speak for themselves.

8. Defendant admits paragraph 8 insofar as the amount in controversy in this action exceeds $75,000.00. Assertions of law require no response; to the extent a response is required, Defendant denies all assertions of law.
9. Assertions of law contained in paragraph 9 require no response; to the extent a response is required, Defendant denies all assertions of law.
10. Defendant denies paragraph 10.
11. Defendant denies paragraph 11.
12. Assertions of law contained in paragraph 12 require no response; to the extent a response is required, Defendant denies all assertions of law.
13. Defendant denies paragraph 13.
14. Defendant admits paragraph 14.
15. Defendant neither admits nor denies paragraph 15 as the document speaks for itself.
16. Defendant admits paragraph 16.
17. Defendant asserts paragraph 17.

## III. FACTUAL BACKGROUND

18. Defendant denies paragraph 18.
19. Defendant denies paragraph 19.
20. Defendant denies paragraph 20.
21. Defendant denies paragraph 21.
22. Defendant denies paragraph 22.
23. Paragraph 23 is a statement of Plaintiff’s requested relief and requires no response; to the extent a response is required, Defendant denies paragraph 23.
24. Defendant denies paragraph 24.

25. Defendant admits paragraph 25 insofar as the members of Bellefonte Properties LLC are Shelton Robinson Properties LLC and Walker Land Company IV, LLC.
26. Defendant denies paragraph 26.
27. Defendant paragraph 27.
28. Defendant is without sufficient knowledge to admit or deny paragraph 28.
29. Defendant denies paragraph 29.
30. Defendant denies paragraph 30.
31. Defendant denies paragraph 31.
32. Defendant denies paragraph 32.
33. Defendant denies paragraph 33.
34. Defendant denies paragraph 34.
35. Defendant denies paragraph 35.
36. Defendant denies paragraph 36.
37. Defendant denies paragraph 37.
38. Defendant denies paragraph 38.
39. Defendant denies paragraph 39.
40. Defendant denies paragraph 40.
41. Defendant denies paragraph 41.
42. Defendant denies paragraph 42.
43. Defendant denies paragraph 43.
44. Defendant denies paragraph 44.
45. Defendant denies paragraph 45.

## IV. CAUSES OF ACTION

46. Paragraph 46 requires no response; to the extent a response is required, Defendant denies paragraph 46.
47. Assertions of law contained in paragraph 47 require no response; to the extent a response is required, Defendant denies all assertions of law.
48. Assertions of law contained in paragraph 48 require no response; to the extent a response is required, Defendant denies all assertions of law.
49. Paragraph 49 is a statement of Plaintiff's requested relief and requires no response; to the extent a response is required, Defendant denies paragraph 49.
50. Paragraph 50 is a statement of Plaintiff's requested relief and requires no response; to the extent a response is required, Defendant denies paragraph 50.
51. Paragraph 51 requires no response; to the extent a response is required, Defendant denies paragraph 51.
52. Assertions of law contained in paragraph 52 require no response; to the extent a response is required, Defendant denies all assertions of law.
53. Assertions of law contained in paragraph 53 require no response; to the extent a response is required, Defendant denies all assertions of law.
54. Paragraph 54 is a statement of Plaintiff's requested relief and requires no response; to the extent a response is required, Defendant denies paragraph 54.
55. Paragraph 55 is a statement of Plaintiff's requested relief and requires no response; to the extent a response is required, Defendant denies paragraph 55.
56. Paragraph 56 requires no response; to the extent a response is required, Defendant denies paragraph 56.

57. Assertions of law contained in paragraph 57 require no response; to the extent a response is required, Defendant denies all assertions of law.

58. Assertions of law contained in paragraph 58 require no response; to the extent a response is required, Defendant denies all assertions of law.

59. Paragraph 59 is a statement of Plaintiff's requested relief and requires no response; to the extent a response is required, Defendant denies paragraph 59.

60. Paragraph 60 is a statement of Plaintiff's requested relief and requires no response; to the extent a response is required, Defendant denies paragraph 60.

## V. CONDITIONS PRECEDENT

61. Defendant denies paragraph 61.

## DEFENSES AND/OR AFFIRMATIVE DEFENSES

Defendant states the following Defenses to Plaintiff's Complaint. Defendant expressly reserves the right to assert additional defenses as they become known or available.

1. A declaratory judgment would not terminate the uncertainty or controversy giving rise to this proceeding.
2. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.
3. The Petition is barred by the doctrines of estoppel, laches, and/or waiver.
4. The Petition should be dismissed for failure to join parties necessary for a just adjudication of the issues.
5. Upon information and belief, and in order to avoid a waiver of certain defenses, this Defendant states that the Petition should be dismissed because diversity or jurisdiction does not exist between the Plaintiff and Defendant.

6. Any asserted contracts are void due to intentional fraudulent misrepresentation of Plaintiff.
7. Any asserted contracts are void due to duress.
8. Any asserted contracts are invalid due to Plaintiff's failure to perform as required.
9. Any asserted contracts are void due to failure of consideration.
10. Defendant further asserts the defenses of accord and satisfaction, assumption of risk, contributory negligence, estoppel, illegality, laches, release, and waiver.

WHEREFORE, Defendant Shelton Robinson Properties LLC denies that Plaintiff is entitled to any of the relief they seek, and further prays as follows:

1. That this Court deny Plaintiff's request for declaratory judgment, with all costs against Plaintiff.
2. For such other and further relief as it deems just and proper under the circumstances, including attorneys' fees and expenses of litigation.

Respectfully submitted,

/s/ Jessica A. Burke
Burke Law Group
KY Bar 94066
860 Geoghegan Road
Shelbyville KY 40065
(859) 533-3269
jessica@jblawoffices.net

Counsel for Defendant
Shelton Robinson Properties LLC